```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE LUIS GRACESQUI,
                                                           18 cv 12412 (PKC)
                              Petitioner,                  10 cr 74 (PKC)

            -against-                            OPINION AND ORDER


UNITED STATES OF AMERICA,

                              Respondent.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.:

        Petitioner Jose Luis Gracesqui moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He asserts, *inter alia*, that his appointed counsel failed to provide the effective assistance of counsel guaranteed by the Sixth Amendment in failing to object to the trial court's supplemental jury instructions on Count One of the Superseding Indictment.

        On June 7, 2019, Gracesqui moved to amend his petition to assert a new, previously unasserted claim that because the jury acquitted him of Count Four – using a firearm in connection with Counts One, Two and Three – convictions on Counts One, Two and Three cannot stand.

        The motion to amend is granted, but for reasons explained, Gracesqui's petition as amended will be denied.

BACKGROUND

        Gracesqui was charged in five counts of a Superseding Indictment, S1 10 Cr. 74 (PKC) (the "Indictment"). Counts One through Four of the Indictment related to the July 19, 1999 killing of Richard Diaz (the "Diaz Murder") and Count Five related to the October 13, 2000 killing

of John Ochoa (the "Ochoa Murder"). Count One charged Gracesqui with intentionally and knowingly killing, and counseling, commanding, inducing, procuring, and causing the intentional killing of Richard Diaz while engaged in a conspiracy to distribute and to possess with the intent to distribute one kilogram or more of mixtures or substances containing a detectable amount of heroin in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. Count Two charged him with participating in a murder-for-hire conspiracy in violation of 18 U.S.C. § 1958. Count Three charged him with a substantive count of murder-for-hire in violation of 18 U.S.C. § 1958 and § 2. Count Four charged him with using a firearm in furtherance of the murder-for-hire conspiracy and the murder-for-hire, causing the death of Diaz, in violation of 18 U.S.C. § 924(j) and § 2. Finally, Count Five charged him with causing the death of Ochoa by using, carrying, and possessing a firearm in furtherance of a conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 924(j) and § 2. A jury found Gracesqui guilty on Counts One, Two, and Three, and acquitted him on Counts Four and Five. (February 2, 2016 Tr. 1231-1232.)

The Court denied Gracesqui's motions for a judgment of acquittal or alternatively for a new trial on Count One, and for a new trial on Counts Two and Three. (Doc 133.) In January 2017, Gracesqui was sentenced to life imprisonment on Counts One, Two and Three to run concurrently. (Judgment.)

Subsequently, Gracesqui appealed. (Doc 161.) On April 5, 2018, the Second Circuit affirmed the conviction and sentence. United States v. Gracesqui, 730 F. App'x 25, 28 (2d Cir. 2018) (summary order). Gracesqui filed his present motion pursuant to 28 U.S.C. § 2255 in December 2018 (Doc 1.)

LEGAL STANDARD

A person in federal custody may collaterally attack a final judgment in a criminal case based on "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996). "[A] defendant is barred from collaterally challenging a conviction under [section] 2255 on a ground that he failed to raise on direct appeal. . . . An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thom, 659 F.3d 227, 231 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). When a petitioner attempts to establish "cause" by asserting ineffective assistance of counsel, courts apply the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Sapia v. United States, 433 F.3d 212, 218 (2d Cir. 2005). Additionally, "a [section] 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (internal quotation marks and citation omitted).

DISCUSSION

    I. Gracesqui's Ineffective Assistance of Counsel Claim Fails

On a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must first overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 688-90 (1984). Second, the defendant must prove prejudice by showing a reasonable probability

3

that, but for counsel's performance, the result of the case would have been different. Id. at 693-94. It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome. Id. at 693. Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome" of the case. Id. at 694.

      a. <u>Gracesqui's Ineffective Assistance Claim Relating To The Supplemental Jury Instruction Is Procedurally Barred</u>

Gracesqui argues that his trial counsel was ineffective because he did not object to the Court's supplemental jury instructions relating to the definition of "act" in Count One. (Petition at 4.) After hearing from all counsel, the Court submitted a supplemental instruction to the jury in response to a note defining "act" as "the same as act, action or actions. It is conduct on the part of the defendant that he voluntarily undertakes." (Court Exhibit 30.) A second note from the jury, asked whether it was "possible to be found guilty of murder while engaged in a drug crime . . . without pulling the trigger. . . ." (Tr. at 1194). The Court, after hearing from counsel, instructed the jury as follows: "[T]he Court instructs you to focus on the entirety of the Court's instruction on Count One as supplemented by the instruction on Thursday, January 28, on the meaning of the word 'acts' as used in Count One." (February 2, 2016 Tr. at 1222.)

Gracesqui's ineffective assistance claim based on failure to object to prejudicial supplemental jury instructions is procedurally barred because the Second Circuit addressed the underlying claim on direct appeal. A petitioner may not collaterally attack matters "expressly" or "impliedly resolved by the appellate court's mandate." <u>Yick Man Mui</u>, 614 F.3d 50, 53 (2d Cir. 2010). This includes claims that are "premised on the same facts and rest on the same legal ground" as arguments made on direct appeal. Id. at 54 (quoting <u>United States v. Pitcher</u>, 559 F.3d 120, 124 (2d Cir. 2009)).

4

On appeal, Gracesqui argued that this Court's "supplemental jury instructions erroneously allowed the jury to convict him" – the same argument he now makes to this Court as grounds for ineffective assistance of counsel premised on failure to object to the supplemental instructions. Gracesqui, 730 F. App'x at 28. The Second Circuit rejected this argument and stated that the instructions "were legally sound and added little to the original charge, [so that] they were not erroneous." Id. Gracesqui cannot now relitigate this claim under the guise of a section 2255 petition. Sanin, 252 F.3d at 83.[1]

b. Alternatively, Gracesqui's Ineffective Assistance Claim Based Upon The Supplemental Jury Instruction Fails Under *Strickland*

Even if Gracesqui's claim was not procedurally barred, Gracesqui has not shown his counsel's conduct fell below an objective standard of reasonableness based on prevailing professional norms. He complains that counsel failed to object to "an erroneous, prejudicial jury instruction," which in turn "prejudiced his trial under Due Process of Law and the Sixth Amendment and violated his substantial and substantive rights." (Petition at 5.) His argument directly contradicts the facts of the case. See Crawford v. Artuz, 165 F.Supp.2d 627, 637 (S.D.N.Y. 2001) (holding that the Petitioner's ineffective assistance claim was meritless where his allegation of counsel's conduct was directly belied by the record).[2] Defense counsel did, in fact, object to the definition of "act" provided by the Court in its first supplemental jury

---

[1] Gracesqui in his petition also argues based on United States v. Gaudin, 515 U.S. 506 (1995), that the Court's "refusal to submit [the] question of materiality to the jury deprived [him] of his constitutional rights to have the jury determine his guilt on every element of his crime . . . ." (Petition at 4.) The Court is not aware of any question of materiality that was an element of the counts on which Gracesqui was convicted. To the extent that this argument repackages his claim that the Court's supplemental jury instructions did not allow the jury to consider an element of any counts, for the reasons explained above, the Court finds the argument without merit. See Gracesqui, 730 F. App'x at 28 (referring to the supplemental instructions as "legally sound" and characterizing the argument that any jury instructions constituted a prejudicial variance from the indictment as "meritless").

[2] Petitioner, Crawford, claimed that his trial counsel erred in not addressing the voluntariness of his confession. However, the record reveals that his counsel did in fact request a suppression hearing to determine whether the confession was voluntarily made, and therefore valid. Crawford v. Artuz, 165 F.Supp.2d 627, 637 (S.D.N.Y. 2011).

5

instruction. (January 28, 2016, Tr. 1186.) When asked by the Court whether there was an objection to the supplemental instruction, defense counsel stated, "Judge, with respect to the definition of act, our position is that given the government's theory in the case that [the jury] simply be told that the act here is the shooting, that is, the shooting by the defendant. That is the act claimed." (Id.) After further discussing the proposed instruction, defense counsel again stated that it objected to the fact that the Court was "not including language specifying the act here is that [Gracesqui] is the shooter." (Tr. at 1191.)

In response to the second note from the jury, asking whether it was possible to be found guilty of murder while engaged in a drug crime without pulling the trigger, both parties submitted written argument. (10 cr. 74 Docs 95, 96, Jan. 28 2016.) The Court declined to adopt either party's recommended instruction and instead instructed the jury to focus on the "entirety of the Court's instructions as supplemented" by the definition of act. (February 2, 2016 Tr. at 1222.) Gracesqui's counsel, when asked what his position was on the supplemental instruction, stated that "[w]e stand by the position we've taken that they should be instructed that they need to find that he is the shooter given what the evidence and the theory has been all along in this case." (January 29, 2016 Tr. at 1216.) For the second time, defense counsel stated on the record an objection to the proposed supplemental jury instruction, contradicting Gracesqui's arguments that his lawyers failed to act. Gracesqui's claim for ineffective assistance of counsel is directly contradicted by the trial transcript and is therefore, meritless.

### c. An Acquittal On Count Four Does Not Cast Doubt On The Convictions On Counts One, Two and Three.

The jury found beyond a reasonable doubt that Gracesqui and others participated in a conspiracy to murder while engaged in a drug trafficking conspiracy (Count One),

6

participated in a murder-for-hire conspiracy (Count Two) and committed the substantive crime of murder-for-hire (Count Three). It acquitted Gracesqui of using a firearm in connection with the murder-for-hire conspiracy (Count Four).

Gracesqui's amendment to his petition asserts that the acquittal on Count Four requires that he be acquitted on Counts One, Two and Three. The Court construes the argument as asserting a Strickland-type claim that trial and appellate counsel were ineffective in not so arguing after the verdict was returned. As noted, defense counsel argued that the jury should be instructed that the jury must find Gracesqui to be the shooter in order to convict on Counts One, Two and Three (Tr. 1216), a position which the Court rejected. Defense counsel also vigorously argued in its post-verdict motions that the government had changed improperly its theory of the case from one that focused on Gracesqui as the shooter to one in which he may have been a mere aider and abettor. The issue was thoroughly vetted before this Court and the Second Circuit and rejected. See, e.g. Memorandum and Order of June 3, 2016 at 16.

There certainly was no prejudice under the second prong of Strickland because there was no substantive factual or legal basis for counsel to have asserted that an acquittal on Count Four mandated acquittals on Counts One, Two and Three. Gracesqui was not prejudiced.

The trial testimony reflected that there were four members of the conspiracies charged in Counts One and Two: Mercedes, Gracesqui, Guerrero and Velez-Gomez. There were two individuals who followed the shooting victims on the night of the murder: Guerrero and Gracesqui. The surviving victim testified that Gracesqui was the shooter. The government's theory of the case was that Gracesqui was the shooter. While the jury's basis for acquitting Gracesqui on Count Four is not known, it may have believed that both Gracesqui and Guerrero participated in the murder scheme but that the government had failed to prove beyond a

7

reasonable doubt that the actual shooter and possessor of the gun was Gracesqui, rather than Guerrero; this would not make Gracesqui any less guilty of Counts One, Two and Three. There was no fatal inconsistency among the verdicts on the different counts.

CONCLUSION

The Court has considered the balance of petitioner's contentions and finds them to be without merit. The motion to amend is GRANTED (Doc 270 in 10 cr 74; Doc 9 in 18 cv 12412), and the petition as amended is DENIED (Doc. 266 in 10 cr 74; Doc 1 in 18 cv 12412.) The Clerk is directed to enter judgment for the United States, to terminate the motions, and close Graceesqui v. United States, 18 cv 12412.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 9, 2019