UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                            10 cr 74 (PKC)

       -against-                                                          ORDER

JOSE LUIS GRACESQUI,

                            Defendant.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        Defendant Jose Luis Gracesqui, proceeding pro se, moves for a reduction of sentence pursuant to the First Step Act of 2018.

        The defendant was convicted after trial on Count One charging him with intentionally and knowingly killing, and counseling, commanding, inducing, procuring, and causing the intentional killing of Richard Diaz while engaged in a conspiracy to distribute and to possess with the intent to distribute one kilogram or more of mixtures or substances containing a detectable amount of heroin in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, Count Two charging him with participating in a murder-for-hire conspiracy in violation of 18 U.S.C. § 1958 and Count Three charging him with a substantive count of murder-for-hire in violation of 18 U.S.C. § 1958 and § 2.  He was sentenced principally to three concurrent terms of life imprisonment.

        Gracesqui argues that his conviction for a violation of section 848(e)(1)(A) was dependent upon conduct that was punishable under section 841(b)(1)(A) and that the punishment under section 841(b)(1(A) has been reduced by the First Step Act and therefore he is eligible for a sentence reduction under section 3582(c)(2) of title 18.  The First Step Act provides that "[a]

                                                                Mailed to Mr. Gracesqui 11/2/2020

court that imposed a sentence for a covered offense may, on motion of the defendant ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." First Step Act of 2018 § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222. A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. There is no dispute that Gracesqui's offense conduct ended in 1999.

Gracesqui's claim fails because he was not convicted of a crime whose penalties have been reduced by section 2 or 3 of the Fair Sentencing Act. He was convicted on Count One of an intentional killing in the course of a crime punishable under section 841(b)(1)(A) in violation of section 848(e)(1)(A. He was not convicted under section 841(b)(1)(A) and any reduction in the penalty under section 841(b)(1)A) has no impact on the available sentence range for the crime charged in Count One. Further, the murder furthered a heroin distribution conspiracy and the penalties for heroin distribution were not reduced in section 2 or 3 of the Fair Sentencing Act. Thus, he is not eligible for a sentence reduction. United States v. Echeverry, No. 19-2202-CR, 2020 WL 6306957, at *2 (2d Cir. Oct. 28, 2020) ("Because [defendant's] sentence could not have been lower even if 'sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed,' the district court correctly concluded that it lacked the authority to reduce [defendant's] sentence.")

Defendant Gracesqui's motion (Doc. 276) for a sentence reduction and other associated relief is DENIED.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 2, 2020

2020 WL 6306957
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

UNITED STATES of America, Appellee,
v.
Carlos ECHEVERRY, Defendant-Appellant.

No. 19-2202-cr
|
August Term 2020
|
Submitted: October 14, 2020
|
Decided: October 28, 2020

On Appeal from the United States District Court for the Southern District of New York (Woods, J.)

**Attorneys and Law Firms**

Carlos Echeverry, White Deer, PA, pro se.

Michael McGinnis and Anna M. Skotko, Assistant United States Attorneys, for Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Before: Walker and Menashi, Circuit Judges.[*]

**Opinion**

Per Curiam:

*1 Appellant Carlos Echeverry challenges a decision of the U.S. District Court for the Southern District of New York (Woods, J.) denying Echeverry's motion to reduce his sentence of 120 months' imprisonment under the First Step Act. Under the Act, a defendant may move a district court to reduce his sentence if his sentence would have been lower had the Fair Sentencing Act been in effect. As relevant here, the Fair Sentencing Act increased the quantity of crack cocaine required to trigger a mandatory minimum sentence under 21 U.S.C. § 841. Echeverry argues that, because he was charged with and pleaded guilty to an offense involving the distribution of crack cocaine, the district court erred when it concluded that this conviction for two other offenses—both of which had a mandatory minimum sentence of 120 months—precluded First Step Act relief. We conclude the district court was correct and affirm.

**I**

"On September 27, 2004, Echeverry handed a jacket containing 315 grams of heroin to an undercover detective and discussed payment terms with that detective." Echeverry v. United States, No. 04-CR-1162, 2013 WL 5548801, at *1 (S.D.N.Y. Oct. 8, 2013). After his arrest, a grand jury issued an indictment that charged the distribution, and possession with intent to distribute, of 315 grams of heroin. In response, Echeverry attended a series of proffer sessions in which he disclosed his extensive background in drug trafficking and his involvement in an attempt to collect a drug debt that resulted in the discharge of a firearm. Entering into a cooperation agreement, Echeverry waived indictment and, in 2005, he pleaded guilty to a two-count information. Count one charged Echeverry "with conspiring to distribute, and to possess with the intent to distribute, (a) five or more kilograms of cocaine, (b) one or more kilograms of heroin, and (c) 50 or more grams of cocaine base." Id. Count two charged Echeverry "with aiding and abetting the use, carrying, and discharge of a firearm during and in relation to a drug-trafficking offense." Id. After the plea hearing, Echeverry was released on bail so that he could continue his cooperation with the government.

In 2007, Echeverry was arrested for the possession and sale of a controlled substance in the State of New York. In 2010, the district court sentenced Echeverry to a term of 240 months' imprisonment—120 months for each count of the information—and a term of five years' supervised release. This court affirmed. See United States v. Echeverry, 649 F.3d 159 (2d Cir. 2011). On November 14, 2012, Echeverry filed a motion under 28 U.S.C. § 2255, which permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The district court denied § 2255 relief and this court dismissed Echeverry's appeal as untimely.

In 2019, Echeverry, proceeding pro se, filed a motion requesting the reduction of his sentence under the First Step Act. In an order dated July 2, 2019, the district court denied relief on the ground that, "[b]ecause Mr. Echeverry pleaded guilty to conspiracy to distribute cocaine and heroin in quantities that required the imposition of a 10 year mandatory minimum sentence," Echeverry's sentence could not have been lower if the Fair Sentencing Act had been in effect. Echeverry timely appealed.

## II

 *2  In 2010, "President Obama signed into law the Fair Sentencing Act of 2010." United States v. Johnson, 961 F.3d 181, 183 (2d Cir. 2020). The Fair Sentencing Act "increased from 50 to 280 grams the amount of crack cocaine necessary to trigger" the mandatory minimum provided by 21 U.S.C. § 841. Id. But the Fair Sentencing Act did not apply to sentences imposed before its enactment. In 2018, President Trump signed into law the First Step Act. In relevant part, the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." First Step Act of 2018 § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222. The statute defines the term "covered offense" to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ... that was committed before August 3, 2010." Id. Echeverry's position is that, because he was charged with the possession and distribution of crack cocaine, the penalties for which were altered by the Fair Sentencing Act, the district court had the power to reduce his sentence.

The First Step Act permits a district court to reduce a sentence only to the extent that the sentence could have been lower "if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." Because count one of the superseding information charged two non-crack-cocaine offenses that each carried a mandatory minimum sentence of 120 months' imprisonment, Echeverry is ineligible for First Step Act relief. See United States v. Jones, 962 F.3d 1290, 1303 (11th Cir. 2020) ("If the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect, then the district court lacks the authority to reduce the movant's sentence.").

Count one of the superseding information charged three controlled substance offenses, each of which constituted a violation of 21 U.S.C. § 841. That statute provides that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Section 841 sets out mandatory minimums that are triggered when the defendant's violation of § 841(a)(1) involves specified quantities of controlled substances. As relevant here, the statute provides that a defendant whose "violation of subsection (a)" involves "1 kilogram or more of a mixture or substance containing a detectable amount of heroin" shall "be sentenced to a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(i). Similarly, a defendant whose crime involves "5 kilograms or more of a mixture or substance containing a detectable amount of ... cocaine" shall also be sentenced to a minimum mandatory term of 10 years imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii)(II). Because count one charged a conspiracy to distribute and possess with intent to distribute "five or more kilograms of cocaine" and "one or more kilograms of heroin," count one carried a mandatory minimum of 120 months imprisonment even without the inclusion of Echeverry's crack-cocaine offense. Because Echeverry's sentence could not have been lower even if "sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed," the district court correctly concluded that it lacked the authority to reduce Echeverry's sentence.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

**All Citations**

--- F.3d ----, 2020 WL 6306957

## Footnotes

| | |
|---|---|
| * | Senior Circuit Judge Ralph K. Winter, originally a member of the panel, is currently unavailable, and the appeal is being adjudicated by the two available members of the panel, who are in agreement. *See* 2d Cir. IOP E(b). |

---

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.